UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | | |
|---|---|---|---|
| MICHAEL L. KNIGHT | ) | | |
| | ) | | |
| Petitioner, | ) | Case Nos. | 1:10-cr-120-HSM-SKL |
| | ) | | 1:14-cv-132-HSM |
| v. | ) | | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |
| | ) | | |

## MEMORANDUM OPINION

Before the Court is an initial pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion") [Doc. 63], and a motion for leave to amend the original filing to include additional grounds for relief with a memorandum in support [Docs. 75 & 76] filed by federal prisoner, Michael L. Knight ("Petitioner").[1] Respondent United States of America (the "Government") filed a response in opposition to the 2255 Motion [Doc. 67] and a response in opposition to the motion to amend [Doc. 80]. Petitioner filed a reply to each response [Docs. 69 & 81]. This matter is now ripe.

For the reasons stated below, Petitioner's 2255 Motion will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.     STANDARD of REVIEW**

    **A.     Threshold Standard**

Under 28 U.S.C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence, if he claims that the sentence was imposed in

---

[1] All citations to the record are to the docket in the underlying criminal case.

violation of the Constitution or laws of the United States; that the court lacked jurisdiction to impose the sentence; or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. As a threshold standard, to obtain post-conviction relief under § 2255 a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley,* 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'" (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963))). If the motion is not summarily dismissed under Rule 4(b), Rule 8(a) requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488

F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### B. Standard for Ineffective Assistance of Counsel

Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). That test provides that, to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id*. (citing *Strickland*, 466 U.S. at 687).

The first prong requires a petitioner to show his attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the

3

> evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, *i.e.*, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established in order for the petitioner to meet his burden, it held there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

Moreover, absent clear and convincing evidence to the contrary, a defendant is bound by his or her plea agreement and representations made under oath during a plea colloquy. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.") (internal quotation marks and citations omitted). In *Blackledge v. Allison,* the Supreme Court explained the importance and weight of representations made during the plea hearing, stating:

> For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any

> subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge*, 431 U.S. 63, 73-74 (1977).

## II. BACKGROUND

The facts surrounding Petitioner's conviction are repeated throughout the record and need not be reiterated in detail again here. Suffice it to say that Petitioner robbed a rural post office of money orders and a money order imprinter while brandishing a firearm. Still brandishing the same firearm, Petitioner demanded the key to the postmaster's truck and then forced the postmaster into the passenger's seat of that truck. In 2011, Petitioner pleaded guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344 (Count One) and a jury convicted him of one count of bank fraud, in violation of 18 U.S.C. § 1344 (Count Two); robbery, in violation of 18 U.S.C. § 2114(a) (Count Three); possession of stolen property, in violation of 18 U.S.C. § 2114(b) (Count Four); kidnapping, in violation of 18 U.S.C. § 1201 (Count Six); carjacking, in violation of 18 U.S.C. § 2119 (Count Eight); use of a firearm during and in relation to the crimes of violence charged in Counts Three, Six, and Eight, respectively, in violation of 18 U.S.C. § 924(c) (Counts Five, Seven, and Nine); and possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Ten) [Docs. 36, 38, 42, 44, 48, 55].

But for the § 924(c) offenses, which carried consecutive statutory mandatory minimums, Petitioner's sentencing guidelines range was 262 to 327 months' imprisonment [Presentence Investigation Report ("PSR") at ¶ 94]. Adding the mandatory consecutive sentences for three § 924(c) convictions, however, Petitioner had an effective guidelines range of 922 to 987 months' imprisonment [*id.*]. Neither party asserted any objections to the PSR and Petitioner chose not to

allocute [Doc. 53]. On September 20, 2011, this Court sentenced Petitioner to an aggregate term of 955 months' imprisonment, including consecutive terms of 60 months on Count Five and 300 months each on Counts Seven and Nine [Doc. 48].

Petitioner appealed to the Sixth Circuit Court of Appeals arguing that this Court erred in admitting evidence of his previous convictions and evidence obtained from a GPS tracking device placed on his vehicle. He also argued that his sentence was unreasonable because it exceeded his life expectancy. The Sixth Circuit rejected all of these arguments and affirmed his convictions and sentence [Doc. 55]. The Supreme Court denied his request for a writ of certiorari on April 15, 2013 [Doc. 59]. Petitioner timely filed his initial 2255 Motion.

## III. ANALYSIS

### A. 2255 Motion

In his timely filed 2255 Motion, Petitioner argues that his sentence was improper due to the imposition of statutorily-mandated minimum consecutive terms of imprisonment and that his counsel was ineffective for failing to object to said imposition [Doc. 63]. Resting his argument on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), Petitioner identifies two specific grounds that he alleges support his overarching claim that he improperly received statutorily-mandated minimum consecutive terms of 300 months' imprisonment for two of his three § 924(c) convictions.[2] In his first ground for § 2255 relief, Petitioner asserts his sentence must be vacated because "the jury was never informed that any second or subsequent conviction" under § 924(c) "would subject [Petitioner] to an increased mandatory minimum of 25 years." [Doc. 63 at Page ID # 503]. In his

---

[2] Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A).

6

second ground for § 2255 relief, Petitioner makes the related claim that the Court "enhanced [his] sentence based on prior convictions not charged in the indictment, proven beyond a reasonable doubt, and submitted to the Jury." [Doc. 63 at Page ID # 504].

Petitioner's claims fail for two reasons. First, *Alleyne* does not apply retroactively to cases on collateral review so his claim is not cognizable under § 2255. *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014) ("We now hold that *Alleyne* does not apply retroactively to cases on collateral review."). Second, to the extent Petitioner claims that the jury was required to determine the existence of his prior convictions and/or that he was convicted of more than one § 924(c) violation, that claim is precluded by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) as argued by the Government.

In *Almendarez-Torres*, the Supreme Court held that a prior conviction may be introduced at sentencing to enhance statutory punishment without offending a defendant's Fifth and Sixth Amendment rights to indictment, trial by jury, and proof beyond a reasonable doubt. *Id*. at 239-47. The Supreme Court later clarified that, "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (emphasis added). The rule announced in *Apprendi* applies only to any penalty-enhancing fact *other than* the fact of a prior conviction. *E.g.*, *Booker v. United States*, 543 U.S. 220, 244 (2005); *United States v. Jones*, 453 F.3d 777, 779 (6th Cir. 2006). The reasoning of *Alleyne* did not call into doubt the continued vitality of *Almendarez-Torres*. *E.g.*, *United States v. Young*, 847 F.3d 328, 369 (6th Cir. 2017) ("Although *Almendarez-Torres* may stand on shifting sands, the case presently remains good law and we must follow it until the Supreme Court expressly overrules it." (quoting *United States v. Mack*, 729 F.3d 594, 609 (6th Cir. 2013)) (rejecting argument that the

7

statutorily-mandated consecutive 25-year terms for second and subsequent § 924(c) convictions could not be legitimately imposed unless the jury found that the convictions were, in fact, "second or subsequent" convictions under § 924(c)(1)(C)(i)). Accordingly, even if *Alleyne* applied retroactively on collateral review, it would not provide Petitioner an avenue for relief.

Moreover, because Petitioner presents his arguments in the context of an ineffective assistance of counsel claim, he must also establish that his counsel's performance was deficient and that this deficiency actually prejudiced his case. *See Strickland*, 466 U.S. at 687. That his counsel failed to make meritless objections at sentencing regarding the matters addressed above does not in any way fall below an objective standard of reasonableness or cause prejudice. As there was no legitimate basis for an objection based on Petitioner's § 2255 arguments, counsel was not ineffective for failing to object. *See, e.g.*, *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (holding counsel is not constitutionally ineffective for not pursuing meritless claims); *Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir. 2006) (holding an attorney is not ineffective for failing to raise a meritless objection).

### B.     Proposed Amendment

Petitioner filed a motion to amend his pending 2255 Motion to assert an additional double jeopardy challenge in light of *United States v. Vichitvongsa*, 819 F.3d 260, 264 (6th Cir. 2016) (holding that "the simultaneous violation of two federal conspiracy statutes cannot support two § 924(c) charges on the sole basis of one firearm use.") [Docs. 75 & 76]. The government argues the proposed amendment is both untimely and meritless.

Under the Federal Rules of Civil Procedure, leave to amend should "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies

8

by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Petitioner's proposed amendment falls into the futility category.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a statute of limitations applicable to collateral challenges under § 2255. Under the AEDPA, a one-year statute of limitations applies to the filing of a § 2255 motion. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *2-6 (E.D. Tenn. April 5, 2012) (citing *Olesen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). An untimely proposed amendment should be denied if the proposed claim does not relate back to the claims asserted in the timely original § 2255 petition. *See Howard v. United States*, 533 F.3d 472, 475-76 (6th Cir. 2008). An amendment may "relate back" to the date of the original pleading if the proposed claim "arose out of the conduct, transaction, or occurrence" set forth in the original pleading. Fed. R. Civ. P. 15(c)(2).

As pertinent to this proceeding, an untimely new claim must be based on the "same core facts" relied upon in the timely-filed petition. *Mayle v. Felix*, 545 U.S. 644, 656-57 (2005). A new claim is thus time-barred if it merely arises from the same prosecution, conviction, or sentence. *Id.* at 662; *see also Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1001-02 (6th Cir. 2006) (holding that several claims in motion to amend were unreviewable because they did not "share a factual basis with any of the [timely-filed] claims.").

The government correctly argues that Petitioner's proposed amendment in not timely because his attempt to challenge the propriety of his separate § 924(c) convictions in light of *Vichitvongsa*, does not relate back to his claim that consecutive sentences could not be imposed

9

because the jury was not informed that any second or subsequent conviction for violating 18 U.S.C. § 924(c) would subject Petitioner to an enhanced statutory penalty. Because Petitioner's proposed amended claim is time-barred, it is futile.

Even if the amendment was timely filed or related back, which it does not, *Vichitvongsa* offers Petitioner no relief and his claim is futile on the merits. As held in *Vichitvongsa*, the Double Jeopardy Clause of the Fifth Amendment protects "against multiple punishments for the same offense." 819 F.3d at 271. In *Vichitvongsa*, the defendant was charged with four violations of § 924(c) for his involvement in two separate robbery conspiracies. *Id*. at 264. In holding that the defendant could only be charged for two violations of § 924(c), one for each robbery conspiracy, the Sixth Circuit held that taking one affirmative firearm act, brandishing a handgun, while simultaneously committing two predicate offenses, conspiring to commit robbery and drug trafficking, was not sufficient to substantiate two separate § 924(c) convictions. *Id*. at 267. In so holding, however, the Sixth Circuit stressed the "narrowness" of its decision, stating: "We do not hold that multiple crimes with one firearm occurring during 'the same criminal episode' may support only one § 924(c) charge. Whether a criminal episode contains more than one unique and independent use [of a firearm] depends at least in part on whether the defendant made more than one choice to use . . . [the] firearm." *Id.*

As argued by the Government and supported by the record, Petitioner could have ceased his use of a firearm after any one of his offenses. Instead, Petitioner first brandished his firearm to rob the post office, an offense which was complete when he obtained the property he demanded from the postmaster at gunpoint. Next committing a carjacking, Petitioner brandished the firearm to require the postmaster to give him the keys to her vehicle. Petitioner thereafter brandished the firearm to kidnap the postmaster. *Vichitvongsa* does not require a finding that because Petitioner

10

brandished the same firearm during his criminal episode, he only committed a single § 924(c) offense. To the contrary, Petitioner had the choice to cease his use of the firearm after each of the offenses that served as underlying crimes of violence for his upheld § 924(c) convictions. Thus, the proposed amendment is futile because it is both time-barred and meritless.

## IV.     CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, Petitioner is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, reasonable jurists could not find the assessment of his claims debatable, and the issues presented are not adequate to deserve encouragement to proceed further, a certificate of appealability **SHALL NOT ISSUE**.

## V.     CONCLUSION

The Court has reviewed this 2255 Motion and proposed amendment carefully and finds that there is no merit in any of Petitioner's claims. For the reasons stated herein, the Court finds that no evidentiary hearing pursuant to 28 U.S.C. § 2255 is necessary. On the basis of the record before it, the Court further concludes that Petitioner is not entitled to relief and his proposed amendment is futile so the 2255 Motion and the motion for leave to amend [Docs. 63 & 75] are therefore **DENIED**.

AN APPROPRIATE JUDGMENT ORDER WILL ENTER.

             */s/ Harry S. Mattice, Jr.*
             HARRY S. MATTICE, JR.
             UNITED STATES DISTRICT JUDGE